IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **DERRICK LAWAYNE DANIELS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:23-cv-503 RAH-CWB |
| | ) |
| **STATE OF ALABAMA, et al.,** | ) |
| | ) |
| Defendants. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate confined at Ventress Correctional Facility, initiated this action pursuant to 42 U.S.C. § 1983 (Doc. 1) and thereafter filed an application seeking leave to proceed *in forma pauperis* (Doc. 3). By Order entered September 18, 2023, the court granted *in forma pauperis* status and directed Plaintiff to remit $9.10 as an initial partial filing fee no later than October 2, 2023. (Doc. 5 at pp. 1-2). The Order expressly cautioned Plaintiff that a failure to remit the fee would result in a recommendation that the case be dismissed and that he must request an extension of time if unable to remit the fee by the imposed deadline. (*Id*. at pp. 2-3).

The court thereafter granted Plaintiff multiple extensions of time to make payment (*see* Docs. 8, 10, 12 and 14), but Plaintiff has neither paid the fee amount nor sought any further extension beyond the extended deadline of January 8, 2024. The Magistrate Judge finds that Plaintiff's failure to comply with the court's directive or otherwise respond by the deadline constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to take action notwithstanding the court's admonition

1

regarding a potential dismissal. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"' and that "sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned).  Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **February 8, 2024**.  An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s).  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.  No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.

**DONE** this the 25th day of January 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**

3